**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | CASE NO.   1:12 CR 285
                1:14 CV 1058 |
| Plaintiff/Respondent, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) |  |
| RALPH WALKER, | ) ) | MEMORANDUM OPINION
AND ORDER |
| Defendant/Petitioner. | ) |  |

This matter comes before the Court upon Petitioner, Ralph Walker's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255. (ECF #1422).  The Government has filed a Motion to Dismiss, arguing that Mr. Walker's petition was not timely filed.  (ECF #1425).

**FACTUAL AND PROCEDURAL HISTORY**

Mr. Walker was charged with conspiracy to distribute cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 ("Count One"), and unlawful use of a communications facility, in violation of 21 U.S.C. § 843(b) ("Count 53").  On October 26, 2012, Mr. Walker entered a guilty plea to a reduce charge on Count One, Count 53 was dismissed as part of the agreement.  Due to the filing of a Section 851 enhancement, Mr. Walker was subject to a statutory ten year mandatory minimum sentence.  This was specified within the plea agreement.  (ECF # 677, p. 2).  The plea agreement also limited Mr. Walker's appeal rights, allowing an appeal only as to certain specific issues.

On February 12, 2013, Mr. Walker was sentenced to the statutory mandatory minimum sentence of 120 months imprisonment, to be followed by eight years of supervised release. (ECF #1044). He did not appeal his conviction or his sentence. On May 15, 2014, Mr. Walker filed the instant Motion to Vacate, alleging ineffective assistance of counsel. Mr. Walker claims that he asked his counsel to appeal the sentence and that his counsel was ineffective for failing to do so. In addition, he claims that trial counsel was ineffective for failing to argue that the § 851 enhancement was not timely noticed; for misrepresenting the plea agreement to him; and, for failing to appeal this Court's decision not to grant a downward departure based on the Defendant's medical history. The Government contends that Mr. Walker's § 2255 petition is untimely, and therefore, barred.

## ANALYSIS

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997). Specifically, the statute provides as follows:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

>such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). Because no direct appeal was filed, the date on which the judgment became final in this case was February 26, 2013, fourteen days after the judgment was issued I his case, and the date when Petitioner's time for filing a notice of appeal expired. See, e.g., *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Therefore, under subsection one, Petitioner's § 2255 Motion was clearly untimely as it was not filed within one year of that date. Subsections two and three do not apply to the facts and circumstances existing in this case and cannot operate to extend the filing deadline past February 26, 2013. This leaves the Court to determine whether Mr. Walker discovered, or, through the exercise of due diligence, could have discovered the facts supporting his claims prior to May 15, 2013.

The facts underlying Mr. Walker's claims that trial counsel was ineffective for failing to argue that the § 851 enhancement was not timely noticed, and for misrepresenting the plea agreement to him were both have been made clear at the time he entered his guilty plea. The written plea agreement, entered into and read aloud in Court, detailed the imposition of the enhancement and the statutory mandatory minimum sentence of 120 months. Mr. Walker further expressed to the Court at the plea hearing, that his understanding of the plea agreement matched the language contained in the written plea agreement. Further, if Mr. Walker did not, in fact, understand the effect of the agreement, or if, as he contends, his lawyer misrepresented how the agreement would affect his sentence, these facts became undeniably clear at the time of his

sentencing.  Because the Court indicated that his sentence was based on a mandatory minimum sentenced imposed, in part, due to the § 851 enhancement, and any misconception as to the length of sentence he would receive based on his plea agreement was necessarily eliminated when the Court imposed his actual sentence, Mr. Walker had actual knowledge of the facts underlying these two claims no later than the date of his sentencing.  Therefore, his time to file a § 2255 claim raising these issues expired one year after the finalization of the conviction. , which was February 26, 2013.  These claims are dismissed as time-barred.

     Mr. Walker's other two claims are for ineffective assistance of counsel for failure to file a direct appeal as requested, and, more specifically for failing to appeal the Court's decision not to grant a downward departure based on the Defendant's medical history.  These claims are time-barred, and they fail on the merits.  Mr. Walker contends that he did not have actual knowledge that his attorney failed to file a notice of appeal until September 10, 2013 when he received notice from the Court of Appeals that no appeal was pending.  Mr. Walker contacted the Court of Appeals by letter August 29, 2013, seeking information as to the status of his appeal, which he allegedly believed had been filed by his attorney.  Although he did not find out that no appeal had been filed until September of 2013, he knew or should have known that his appeal time expired on or before February 26, 2013.  He indicated in his letter that he talked to his attorney about filing an appeal on or about February 6, 2013 and February 10, 2013.  He also indicated that he had tried to contact his attorney regarding the appeal after that date but received no response.  Having received no confirmation from his attorney that an appeal had been filed, Mr. Walker, in the exercise of due diligence, should not  have waited six months to contact the Court of Appeals to see what had happened with his appeal.   The Court finds that in the exercise of

due diligence Mr. Walker should have been able to discover that no appeal had been filed on his behalf prior to May 15, 2013, which was more than three months after he claims to have asked his attorney to file an appeal on his behalf. Therefore, Mr. Walker's claims for ineffective assistance of counsel, for failure to appeal, are also dismissed as time-barred.

Further, even if the Court had found that Mr. Walker's belated attempts to track his appeal were sufficiently timely and diligent to extend the filing deadline for his § 2255 motion, these claims would fail on the merits. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. Although Mr. Walker claims his attorney was ineffective for failing to file an appeal, he has articulated no legitimate grounds for any appeal. The only appellate issue he mentions is his belief that the Court erroneously declined to give him a downward departure based on his medical condition.[1] Any appeal based on the Court's failure to grant a variance was waived by Mr. Walker in his plea agreement.

Mr. Walker's plea agreement prevented him from appealing his sentence and conviction except under the conditions enumerated below:

> (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the greater of any mandatory minimum sentence or the maximum of the sentencing range determined under the advisory Sentencing

---

[1]. He indicates that the Court was made aware of his medical issues (barring any ineffective assistance claim for failure to raise the issue at sentencing).

> Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court.

(ECF #677, p. 7). Mr. Walker was also permitted to raise claims of ineffective assistance of counsel or prosecutorial misconduct. (ECF #677, p. 7). Mr. Walker did not receive any punishment in excess of the statutory maximum, nor did he receive any sentence that exceeded the greater of the mandatory minimum sentence or the maximum of the applicable sentencing range. The Court sentenced Mr. Walker to the statutory mandatory minimum, in accordance with the applicable law, and the explicit terms of the written plea agreement. Therefore, Mr. Walker's attorney could not, in good faith, file an appeal of the sentence, regardless of whether Mr. Walker requested that an appeal be filed. An attorney cannot be found ineffective for failing to file a frivolous appeal in contravention of the terms of a plea agreement their client entered into intentionally, knowingly, and of their own free will.

In addition, even if Mr. Walker hadn't waived his appeal, a petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227,

6

235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief). Mr. Walker has failed to allege any defect in the original proceedings that would satisfy the requirements for relief under § 2255. He complains only that no appeal was filed, but does not articulate any legitimate basis for an appeal, nor any constitutional, statutory, or jurisdictional deficiency in the underlying proceedings.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Walker has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## **CONCLUSION**

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (ECF #1422), filed pursuant to 28 U.S.C. § 2255, is dismissed as untimely. In addition, his claims for ineffective assistance of counsel for failure to file an appeal are without merit on the face of the record. Furthermore, because the record

conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). IT IS SO ORDERED..

                                       /s/ Donald C. Nugent
                                       DONALD C. NUGENT
                                       United States District Judge

DATED: July 10, 2014