# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:12 CR 285 |
|  | ) | 1:14CV1058 |
| Plaintiff, | ) |  |
|  | ) | JUDGE DONALD C. NUGENT |
| v. | ) |  |
|  | ) |  |
| RALPH WALKER, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant Ralph Walker's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF #1701). The Government filed a Response in Opposition to Defendant's Motion. (ECF #1704).

In June 2012, Mr. Walker entered a guilty plea to Count 1, conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. This violation carried a statutory mandatory minimum of five years imprisonment but, because the Government filed a Section 851 enhancement, a statutory mandatory minimum period of 10 years incarceration applied. In February 2013, the Court sentenced Mr. Walker to the mandatory minimum of 10 years imprisonment, to be followed by eight years of supervised release.

Mr. Walker urges the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) as a result of Amendments 794 and 782 to the United States Sentencing Guidelines.

The Commission did not make Amendment 794 retroactive. If an amendment is not listed under U.S.S.G. § 1B1.10(d), it is not retroactive. Where the Sentencing Commission has

not made a guidelines amendment retroactive, a defendant may not obtain relief under § 3582(c). *See, e.g., United States v. Dullen*, 15 F.3d 68, 69 (6th Cir. 1994). This Court has no jurisdiction to lower a sentence under 18 U.S.C. § 3582(c)(2) if the sentence was based on a guidelines range that was not subsequently lowered and made retroactively applicable.

The Commission did render Amendment 782 retroactively applicable through Amendment 788. Nonetheless, these amendments do not entitle Mr. Walker to relief. *See* § U.S.S.G. 1B1.10(a)(2) ("a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."). Mr. Walker's applicable guideline range is not lowered because it was based on the 10 year statutory mandatory minimum and the amendment had no effect on the statutory minimum. Where, as here, an amendment does "not lower the statutory mandatory minimum term of imprisonment, [defendant is] not eligible for a sentence reduction pursuant to § 3582(c)(2)." *United States v. McPherson*, 629 F.3d 609, 611-612 (6th Cir. 2011).

The Court is unaware of any other basis upon which Mr. Walker could qualify for a reduction or modification of his sentence. For these reasons, Mr. Walker's Motion (ECF #1701) is DENIED.

DONALD C. NUGENT
United States District Judge

DATED: February 17, 2017